FILED

2014 Sep-26  AM 09:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANNIE BIRDSONG, | } | |
| | } | |
| Plaintiff, | } | |
| | } | CIVIL ACTION NO. |
| v. | } | |
| | } | 2:14-CV-1391-WMA |
| CITY OF BIRMINGHAM, | } | |
| | } | |
| Defendant. | } | |

## MEMORANDUM OPINION

This action comes before the court on a motion to dismiss filed by defendant City of Birmingham ("the City"). Plaintiff Annie Birdsong ("Birdsong") instituted this action *pro se* and *in forma pauperis*, claiming that the City is in violation of the Endangered Species Act of 1973. For the reasons stated below, the City's motion will be granted.

## BACKGROUND

Birdsong filed suit on July 18, 2014. In her complaint and subsequent amendments, she claims that the City is responsible for a mosquito extermination program covering 181,083 blocks in and around Birmingham. Birdsong contends that the chemical used, Permethrin, runs off into bodies of water and harms aquatic species found in Jefferson County, some of which are listed pursuant to the Endangered Species Act as endangered or threatened. She also claims that the chemical harms pollinators such as butterflies and bees. While there are no known endangered or threatened pollinator species in Jefferson County, Birdsong contends that the pesticide

drifts and could harm pollinators found elsewhere.

Because of this alleged harm, Birdsong insists that the City is in violation of 16 U.S.C. § 1538(a)(1)(B), which prohibits, *inter alia*, any person from harming any endangered species. Birdsong seeks an injunction placing a moratorium on all mosquito spraying by the City.

## DISCUSSION

The City, invoking Fed. R. Civ. P. 8(a), has moved to dismiss the action. Under Rule 8(a), a complaint, in order to be viable, must contain a short and plain statement demonstrating the court's jurisdiction, a short and plain statement of the claim demonstrating that the plaintiff is entitled to relief, and a demand for relief.

The City argues that Birdsong's complaint as amended is essentially a term paper and does not state a cognizable claim or cause of action or show any entitlement to relief. Only because *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and "document[s] filed *pro se* [are] 'to be liberally construed,'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), this court finds that the requirements of Fed. R. Civ. P. 8(a) are minimally satisfied. While Birdsong's complaint certainly does not qualify as "short and plain," construed liberally it does allege that the City is in violation of 16 U.S.C. § 1538(a)(1)(B) by harming several

endangered species, and she requests that the City be enjoined from spraying the pesticide. The pleadings are inartful. They are more an ecological treatise than a lawyerlike complaint, but they do allege facts that may entitle her to relief, and she requests specific relief. Jurisdiction, except for the fatal defect described *infra*, is based on the existence of a federal question. The court will not dismiss the action under Rule 8(a).

The City also moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), primarily because the complaint and its amendments fail to state a plausible claim under the Supreme Court's *Twombly* and *Iqbal* jurisprudence. The City makes a good argument, but this court need not reach the *Twombly* and *Iqbal* issues because dismissal is clearly called for on a ground that has not been argued.

The Endangered Species Act contains a broad citizen suit provision, allowing "any person [to] commence a civil suit" for any violation of the Act. 16 U.S.C. § 1540(g)(1) (2012). Despite this broad allowance, the Act prohibits actions by private citizens unless the plaintiff provides prior written notice of the alleged violation to the Secretary of the Interior and to the alleged violator. 16 U.S.C. § 1540(g)(2)(A)(i). The plaintiff must allow sixty days to elapse after notice before filing suit. *Id.* Courts in this circuit have found failure to provide the required notice to be a jurisdictional bar. *See Alabama v. U.S. Army Corps of Engineers*, 441 F. Supp. 2d 1123, 1129 (N.D. Ala. 2006) ("The sixty-day notice requirement is jurisdictional."); *Defenders of Wildlife*

*v. Bureau of Energy Mgmt., Regulation, and Enforcement*, 791 F. Supp. 2d 1158, 1181 (S.D. Ala. 2011) (finding the notice requirement to be jurisdictional).

This court agrees with its fellow district judges that this requirement is jurisdictional. Thus, because Birdsong has not alleged that she served either the Secretary of the Interior or the City with written notice at least sixty days before she commenced this action, the action is due to be dismissed for lack of jurisdiction, even without the City raising the issue. *See Univ. of South Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").[1]

### CONCLUSION

Because Birdsong has failed to follow the requirements to bring a citizen suit under the Endangered Species Act, the City's motion to dismiss is due to be granted, and the action will be dismissed without prejudice. A separate order will be entered. DONE this 26th day of September, 2014.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

[1]Even if the failure is non-jurisdictional, dismissal is still appropriate because a district court may dismiss *sua sponte* an action filed *in forma pauperis* if the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (2012).